UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEE, INC.<br>19800 W. Eight Mile Road<br>Southfield, MI 48075<br><br>**Plaintiff,**<br><br>    -against-<br><br>EUGENE SCALIA<br>Secretary of Labor<br>200 Constitution Avenue NW<br>Washington, D.C. 20210<br><br>UNITED STATES DEPARTMENT OF LABOR<br>200 Constitution Avenue NW<br>Washington, D.C. 20210<br><br>BOARD OF ALIEN LABOR CERTIFICATION<br>APPEALS<br>C/O U.S. Department of Labor<br>200 Constitution Avenue NW<br>Washington, D.C. 20210<br><br>           **Defendants.** | Case No.:<br><br>COMPLAINT |

**COMPLAINT**

**DESCRIPTION OF ACTION**

1. This complaint is brought by SEE, INC. against the Defendants to compel a decision on its Emergency Motion To Vacate The Completely Arbitrary Order Of Dismissal And Reinstate The Request For Review of the denial of SEE, INC.'s Application for Permanent Employment Certification (the Motion) which has been pending with the defendants for over four (4) years.

**JURISDICTION**

2. This being a civil action against the United States arising under the Mandamus Act, 28 U.S.C. § 1361 AND Administrative Procedure Act, 5 U.S.C. § 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

**DESCRIPTION OF PARTIES**

3. The plaintiff SEE, INC. is a Michigan corporation.

4. The defendant, EUGENE SCALIA, is an officer of the United States, to wit, the Secretary of Labor, and as such has statutory authority under 8 U.S.C. § 1182(a)(5) to certify that there are not sufficient United States workers who are able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor; and that employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed. He is being sued in his official capacity and, as such, resides in the District of Columbia

5. The DEPARTMENT OF LABOR is an agency of the United States which has been delegated by defendant EUGENE SCALIA his statutory authority to make the immediately foresaid certification, known as "labor certification". 20 C.F.R. § 656.20(c). It resides in the District of Columbia.

6. The DEPARTMENT OF LABOR has delegated to the Certifying Officer the authority *to* make determinations about whether or not to grant applications for labor certifications. 20 C.F.R. § 656.3.

7. The BOARD OF ALIEN LABOR CERTIFICATION APPEALS (BALCA) is an agency of the United States which has been delegated by the DEPARTMENT OF LABOR the authority to review denial of labor certifications and to, among other things, direct the Certifying Officer to grant labor certification where so required by law. 20 C.F.R. § 656.27(c)(2). It resides in the District of Columbia.

## **BRIEF STATEMENT OF RELEVANT FACTS**

8. On November 21, 2014, the plaintiff, SEE, INC., filed an application to grant labor certification to Nimitt Nishith Bhatt on Form ETA 9089 with the U.S. DEPARTMENT OF LABOR, which assigned its application ETA Case No. A-14266-09385.

9. On July 31, 2015 the Certifying Officer denied this application.

10. Within thirty (30) days thereafter SEE, INC. filed a timely request to the BOARD OF ALIEN LABOR CERTIFICATION APPEALS (BALCA) pursuant to 20 C.F.R. § 656.24(a) asking it to review the decision of the Certifying Officer.

11. BALCA assigned this request BALCA Case No. 2016PER00282.

12. Then, abruptly, with no prior warning, BALCA issued an "ORDER OF DISMISSAL" on October 7, 2016, announcing that "The Employer has informed the Board that it no longer wishes to proceed with the above- captioned appeal. Accordingly, IT IS HEREBY ORDERED that the appeal is DISMISSED."

13. On approximately October 25, 2016, SEE, INC. filed with BALCA its "EMERGENCY MOTION TO VACATE THE COMPLETELY ARBITRARY ORDER OF DISMISSAL AND REINSTATE THE REQUEST FOR REVIEW".

14. In this motion SEE, INC. pointed out that it had in no way said or done anything to indicate that it wished to withdraw its appeal and in fact it did not wish to do so.

15. The motion further explained that:

> On October 7, 2016 BALCA issued an Order of Dismissal dismissing this appeal because "(t)he Employer has informed the Board that it no longer wishes to proceed with the above-captioned appeal."
>
> This is not true. As indicated in the attached Declaration of Jim Lies, the Employer Contact in this matter, neither he nor anyone else at See, Inc. has informed the Board that it no longer wishes to proceed with the above-captioned appeal. Neither has this counsel.
>
> We also note a striking error in the Service Sheet. Despite this attorney's repeated appearance notices in this matter he does not appear on the Service Sheet nor did he receive a copy of the mentioned Order from the Board. Rather, he received it from his clients.
>
> Counsel has spoken to Nancy A. Vizer who confirms that she has never represented Lies, Inc[1]. in any matter. She did recently withdraw a BALCA appeal upon behalf one of her clients for which she has not received a response. The only conceivable explanation for the weird Order of Dismissal in this matter is that BALCA somehow attributed to this matter the withdrawal notice which Ms. Vizer filed upon behalf of her client.

---

[1] Sic. Obviously the writer meant "See, Inc.".

16. Nevertheless, despite overwhelming evidence that this dismissal was premised upon an obvious clerical error by BALCA, since that date it has taken no action whatsoever on SEE, INC's motion, nor its appeal.

17. As of today, SEE, INC.'s motion remains under the jurisdiction of the defendants and is unadjudicated.

**CAUSE OF ACTION**

12. Defendants EUGENE SCALIA, the DEPARTMENT OF LABOR and the BOARD OF ALIEN LABOR CERTIFICATION APPEALS each owe a duty to the Plaintiff SEE, INC. to adjudicate its motion within a reasonable period of time. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

14. The over 4 year period in which this motion has been pending with Defendants EUGENE SCALIA, the DEPARTMENT OF LABOR and the BOARD OF ALIEN LABOR CERTIFICATION APPEALS, is well beyond that which this officer and/or agencies reasonably require to adjudicate it.

17. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

18. Not only have the defendants unreasonably delayed the plaintiff's motion, but by doing so they have also unreasonably delayed a decision upon SEE, INC.'s request for review of its application for labor certification upon behalf of Nimitt Nishith Bhatt.

## RELIEF REQUESTED

WHEREFORE it is respectfully requested that the Court compel Defendants EUGENE SCALIA,  , the DEPARTMENT OF LABOR and the BOARD OF ALIEN LABOR CERTIFICATION APPEALS, to adjudicate SEE, INC.'s EMERGENCY MOTION TO VACATE THE COMPLETELY ARBITRARY ORDER OF DISMISSAL AND REINSTATE THE REQUEST FOR REVIEW within thirty (30) days of its order and, should its decision be favorable, to adjudicate SEE, INC.'s request for review of its application for labor certification upon behalf of Nimitt Nishith Bhatt within thirty (30) days of the grant of said motion.

Respectfully submitted, October 9, 2020.

/s/ *Michael E. Piston*
Michael E. Piston MI0002
Attorney for the Plaintiffs
225 Broadway, Suite 307
New York, NY, 10007
Ph: 646-845-9895
Fax: 206-770-6350
Email: michaelpiston4@gmail.com