UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEE, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 20-2984 (RDM) |
| ) | |
| MARTIN J. WALSH, Secretary of Labor, *et al.*, ) | |
| ) | |
| Defendants.[1] ) | |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendants, by and through the undersigned counsel, hereby file this Answer to Plaintiffs' First Amended Complaint. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the First Amended Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Answering the allegation of each paragraph of the First Amended Complaint and using the same headings, which are not admissions, and paragraph numbers, Defendants respond as follows.

---

[1] Secretary Walsh is automatically substituted for his predecessor. *See* Fed. R. Civ. P. 25(d).

## DESCRIPTION OF ACTION

1. Paragraph 1 consists of Plaintiffs' characterization of the basis for their First Amended Complaint, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief whatsoever.

## JURISDICTION

2. Paragraph 2 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction to hear Plaintiffs' claims and venue is proper before the U.S. District Court for the District of Columbia.

## DESCRIPTION OF PARTIES

3. Defendants do not have sufficient information to either admit or deny the allegation in Paragraph 3.

4. Defendants do not have sufficient information to either admit or deny the allegation in Paragraph 4.

5. Defendants deny that former Acting Secretary Al Stewart is currently the head of the agency, and otherwise Paragraph 5 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendants admit that the Secretary of Labor has statutory authority to make the determinations of fact necessary to decide whether to certify a labor certification application.

6. Paragraph 6 contains conclusions of law to which no response is required.

7. Admitted that the Department of Labor is an agency of the United States that resides in the District of Columbia. Responding further, Defendants aver that 20 C.F.R. § 656.20(c) speaks for itself. Defendants deny the remainder of Paragraph 7.

8. Admitted that the Certifying Officer is a Department of Labor official who makes determinations about whether or not to grant applications for labor certifications pursuant to a

delegation of authority.  Responding further, Defendants aver that 20 C.F.R. § 656.3 speaks for itself.

9. Admitted.  Responding further, Defendants aver that 20 C.F.R. § 656.27(c)(2) speaks for itself.

## LEGAL BACKGROUND

10. Paragraph 10 consists of Plaintiffs' characterization of their First Amended Complaint, to which no response is required.  To the extent a response is required, Defendants deny Plaintiffs are entitled to any relief whatsoever.

11. Paragraph 11 consists of a statement of law, to which no response is required.  To the extent a response is required, Defendants aver that 8 U.S.C. § 1153(b)(3)(A) speaks for itself.

12. Paragraph 12 consists of a statement of law, to which no response is required.  To the extent a response is required, Defendants aver that 8 C.F.R. § 204.5(l) speaks for itself.

13. Paragraph 13 consists of a statement of law, to which no response is required.  To the extent a response is required, Defendants aver that 8 U.S.C. § 1182(a)(5)(i) speaks for itself.

14. Paragraph 14 consists of Plaintiffs' statement of law, to which no response is required.  To the extent a response is required, Defendants deny Plaintiffs are entitled to any relief whatsoever.

15. Paragraph 15 consists of Plaintiffs' statement of law, to which no response is required.  To the extent a response is required, Defendants aver that 8 U.S.C. §§ 1182(a)(5)(A)(i), 1154(a)(1)(F), 1255(a), and 8 C.F.R. §§ 204.5(a), 204.5(n)(1), 245.2(a)(2), (5), speak for themselves.

16. Paragraph 16 consists of Plaintiffs' statement of law, to which no response is required.  To the extent a response is required, Defendants aver that 20 C.F.R. § 656.3 speaks for itself.

17. Paragraph 17 consists of a statement of law, to which no response is required. To the extent a response is required, Defendants aver that 20 C.F.R. § 626.24(g) speaks for itself.

18. Paragraph 18 consists of a statement of law, to which no response is required. To the extent a response is required, Defendants aver that 20 C.F.R. § 656.26(a)(1) speaks for itself.

**BRIEF STATEMENT OF RELEVANT FACTS**

19. Paragraph 19 consists of Plaintiffs' characterization of See, Incorporated Form ETA 9089, Application for Permanent Employment Certification ("Form ETA 9089"), to which no response is required. To the extent a response is required, Defendants refer the Court to the Form ETA 9089, which is in the Certified Administrative Record, as the best evidence of its contents.

20. Paragraph 20 consists of Plaintiffs' characterization of Certifying Officer's denial letter, to which no response is required. To the extent a response is required, Defendants refer the Court to the Certifying Officer's denial letter, which is in the Certified Administrative Record, as the best evidence of its contents.

21. Paragraph 21 consists of Plaintiffs' characterization of See's Motion for Reconsideration, to which no response is required. To the extent a response is required, Defendants refer the Court to the Motion for Reconsideration, which is contained in the Certified Administrative Record, as the best evidence of its contents.

22. Paragraph 22 consists of Plaintiffs' characterization of attachments to its Motion for Reconsideration, to which no response is required. To the extent a response is required, Defendants refer the Court to the attachments to the Motion for Reconsideration, which are contained in the Certified Administrative Record, as the best evidence of their contents.

23. Paragraph 23 consists of Plaintiffs' characterization of the Certifying Officer's denial of reconsideration, to which no response is required. To the extent a response is required,

Defendants refer the Court to the Certifying Officer's denial of reconsideration, which is contained in the Certified Administrative Record, as the best evidence of its contents.

24. Admitted that by memorandum dated February 10, 2016, which is contained in the Certified Administrative Record, the Certifying Officer referred permanent labor certification application file A-14266-09385 to the Board of Alien Labor Certification Appeals ("BALCA") for review.

25. Paragraph 25 consists of Plaintiffs' characterization of See's appeal request, to which no response is required. To the extent a response is required, Defendants refer the Court to See's appeal request, which is contained in the Certified Administrative Record, as the best evidence of its contents.

26. Admitted.

27. Paragraph 27 consists of Plaintiffs' characterization of BALCA's "ORDER OF DISMISSAL," to which no response is required. To the extent a response is required, Defendants refer the Court to BALCA's "ORDER OF DISMISSAL," which is in the Certified Administrative Record, as the best evidence of its contents.

28. Admitted.

29. Paragraph 29 consists of Plaintiffs' characterization of See's "EMERGENCY MOTION," to which no response is required. To the extent a response is required, Defendants refer the Court to See's "EMERGENCY MOTION," which is in the Certified Administrative Record, as the best evidence of its contents.

30. Paragraph 30 consists of Plaintiffs' characterization of See's "EMERGENCY MOTION," to which no response is required. To the extent a response is required, Defendants

refer the Court to See's "EMERGENCY MOTION," which is in the Certified Administrative Record, as the best evidence of its contents.

31. Defendants admit that BALCA issued its ruling on the "emergency motion" on November 30, 2020, and otherwise deny.

32. Paragraph 32 consists of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is required, Defendants admit that See initiated the instant action on October 16, 2020.

33. Admitted that BALCA reversed the dismissal of See's appeal and issued a Decision and Order Affirming Denial of Certification. Responding further, Defendants refer the Court to BALCA's decision, which is in the Certified Administrative Record, as the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 33.

34. Paragraph 34 consists of Plaintiffs' characterization of BALCA's decision, to which no response is required. To the extent a response is required, Defendants refer the Court to BALCA's decision, which is in the Certified Administrative Record, as the best evidence of its contents.

35. Paragraph 35 consists of Plaintiffs' characterization of their First Amended Complaint, to which no response is required. To the extent a response is required, Defendants refer the Court to the First Amended Complaint which is the best evidence of its contents.

## CAUSES OF ACTION
## COUNT I

The first unnumbered paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the first unnumbered paragraph.

36. Denied.

37.     Paragraph 37 consists of Plaintiffs' characterization of the Certifying Officer's decision and decision on reconsideration, to which no response is required.  To the extent a response is required, Defendants refer the Court to the Certifying Officer's decision and decision on reconsideration, which are in the Certified Administrative Record, as the best evidence of their contents.

38.     Paragraph 38 consists of Plaintiffs' characterization of BALCA's decision, to which no response is required.  To the extent a response is required, Defendants refer the Court to BALCA's decision, which is in the Certified Administrative Record, as the best evidence of its contents.

39.     Denied.

40.     Paragraph 40 consists of Plaintiffs' characterization of the Certifying Officer's and BALCA's decisions, to which no response is required.  To the extent a response is required, Defendants refer the Court to the Certifying Officer's and BALCA's decisions, which are in the Certified Administrative Record, as the best evidence of their contents.

41.     Paragraph 41 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 41.

Plaintiffs' Wherefore clause sets forth their request for relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

## ADDITIONAL DEFENSES

Defendants allege the following additional defenses to the Complaint.  In asserting these defenses, Defendants do not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiffs.

- 8 -

    1.       Plaintiffs' First Amended Complaint included one or more claims that fail to state a claim upon which relief may be granted.

    2.       The challenged action accords with all applicable statutes and regulations and is supported by substantial evidence and is neither arbitrary, capricious, nor an abuse of discretion and, therefore, should be affirmed.

    3.       Defendants complied with the requirements of the Administrative Procedure Act.

    4.       Defendants reserve the right to amend this answer as necessary.

*    *    *

Dated: April 19, 2021
       Washington, DC

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division


By:     */s/ Stephen DeGenaro*
     STEPHEN DEGENARO
     D.C. BAR #1047116
     Assistant United States Attorney
     United States Attorney's Office
     555 Fourth Street, NW
     Washington, DC 20530
     Telephone: (202) 252-7229
     Facsimile: (202) 252-2599
     stephen.degenaro@usdoj.gov

*Attorneys for Defendants*