UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SEE, INC., *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-2984 (RDM) |
| | ) | |
| MARTIN J. WALSH, Secretary of Labor, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND IN
OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

CHANNING D. PHILLIPS
D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

STEPHEN DEGENARO
D.C. BAR #1047116
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
Telephone: (202) 252-7229
Facsimile: (202) 252-2599
Email: stephen.degenaro@usdoj.gov

June 21, 2021

<u>**TABLE OF CONTENTS**</u>

**INTRODUCTION** ............................................................................................. 1

**STATUTORY AND REGULATORY BACKGROUND** ................................. 1

**FACTUAL BACKGROUND** ........................................................................... 5

    A.    Plaintiff See's Application ...................................................................... 5

    B.    The Certifying Officer's Denial of the Application ................................ 5

    C.    See's Appeal to the Department's Board of Alien Labor Certification Appeals .... 7

**LEGAL STANDARD** ....................................................................................... 9

**ARGUMENT** ................................................................................................... 11

    I.    The Certifying Officer and the Board Reasonably Applied Department Regulations To Deny See's Attempt To Modify Its Application Through A Motion For Reconsideration ................................................................. 11

    II.    The Denial of Certification Was Supported By Substantial Evidence ................. 14

    III.    Plaintiffs' Arguments Fail To Address The Application of Department Regulations Prohibiting Modification of ETA Form 9089 Through Motions For Reconsideration ................................................................................ 16

        **CONCLUSION** ......................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

*Bloch v. Powell*,
  227 F. Supp. 2d 25 (D.D.C. 2002) ........................................................................... 9

*Borgess Med. Ctr. v. Sebelius*,
  966 F. Supp. 2d 1 (D.D.C. 2013) ...................................................................... 9, 10

*Citizens to Preserve Overton Park, Inc. v. Volpe*,
  401 U.S. 402 (1971) ............................................................................... 9, 10, 19

*Consolo v. Fed. Mar. Comm'n*,
  383 U.S. 607 (1966) ............................................................................................ 10

*Cooper Hosp./Univ. Med. Ctr. v. Burwell*,
  179 F. Supp. 3d 31 (D.D.C. 2016) .................................................................. 10, 19

*FCC v. Fox Television Studios, Inc.*,
  556 U.S. 502 (2009) .............................................................................................. 9

*FCC v. Nat'l Citizens Comm. for,*
  *Broad.*, 436 U.S. 775 (1978) ................................................................................ 9

*Fla. Gas Transmission Co. v. FERC*,
  604 F.3d 636 (D.C. Cir. 2010) ......................................................................... 10, 19

*Glaser v. F.C.C.*,
  20 F.3d 1184 (D.C. Cir. 1994) ...................................................................... 12, 13, 19

*Havens v. Mabus*,
  146 F. Supp. 3d 202 (D.D.C. 2015) ..................................................................... 9, 10

*Madany v. Smith*,
  696 F.2d 1008 (D.C. Cir. 1983) .................................................................... 14, 15, 16

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*,
  463 U.S. 29 (1983) ............................................................................................ 9, 10

*Occidental Eng'g Co. v. INS*,
  753 F. 2d 766 (9th Cir. 1985) .............................................................................. 9

*Oceana, Inc. v. Locke*,
  670 F.3d 1238 (D.C. Cir. 2011) ............................................................................ 10

*Pesikoff v. Sec'y of Labor*,
  501 F.2d 757 (D.C. Cir. 1974) .............................................................................. 1

*Regal Int'l, Inc. v. Napolitano*,
  10-5347, 2011 WL 4538690 (N.D. Ill. Sept. 29, 2011) ..................................... 15, 16

*Richards v. INS*,
  554 F.2d 1173 (D.C. Cir. 1977) ........................................................................... 9

*Rosedale and Linden Park Co. v. Smith*,
  595 F. Supp. 829 (D.D.C.1984) ........................................................................... 14

*Salzer v. F.C.C.*,
  778 F.2d 869 (D.C. Cir. 1985) ................................................................... 12, 13, 18, 19

*Virginia v. Johnson*,
  609 F. Supp. 2d 1 (D.D.C. 2009) ......................................................................... 10

*Ya-Wen Hsiao v. Pizzella,*
   18-502, 2019 WL 4620362 (D. Haw. Sept. 23, 2019) .......................................................... 12

**Statutes**

5 U.S.C. § 706 ..................................................................................................... 9, 10, 18
8 U.S.C. § 1154 ............................................................................................................ 1
8 U.S.C. § 1182 ................................................................................................. 1, 16, 17
8 U.S.C. § 1255 ............................................................................................................ 1
8 U.S.C. § 1361 ............................................................................................................ 1

**Regulations**

20 C.F.R. § 656 .......................................................................................................... 18
20 C.F.R. § 656.2 ......................................................................................................... 1
20 C.F.R. § 656.3 ......................................................................................................... 3
20 C.F.R. § 656.10 ....................................................................................................... 4
20 C.F.R. § 656.11 ................................................................................................. passim
20 C.F.R. § 656.17 ................................................................................................. passim
20 C.F.R. § 656.24 ................................................................................................. passim
67 Fed. Reg. 30,466 .................................................................................................. 2, 4
69 Fed. Reg. 77,326 ...................................................................................................... 2
72 Fed. Reg. 27,904 ............................................................................................... passim

**Rules**

Fed. R. Civ. P. 56 ........................................................................................................ 9

## INTRODUCTION

Defendants, Martin J. Walsh, in his official capacity as Secretary of Labor, the U.S. Department of Labor (the "Department"), and the Board of Alien Labor Certification Appeals, hereby submit this memorandum of points and authorities in support of their Cross-Motion for Summary Judgment and in opposition to Plaintiffs' Motion for Summary Judgment.  As discussed below, there is no genuine issue as to any material fact, and Defendants are entitled to judgment as a matter of law.

## STATUTORY AND REGULATORY BACKGROUND

Under the Immigration and Nationality Act ("INA"), an employer who seeks to hire a noncitizen worker permanently in the United States must first obtain certification of its Application for Permanent Employment Certification, ETA Form 9089, from the Department of Labor.  *See* 20 C.F.R. § 656.17(a)(1).[1]  The Department approves the certification if it determines that (1) there are not sufficient U.S. workers who are able, willing, qualified and available for the proffered job opportunity, and (2) the employment of the noncitizen worker(s) will not adversely affect the wages and working conditions of U.S. workers similarly employed.  8 U.S.C. § 1182(a)(5)(A)(i).  The employer bears the burden of proving that all the regulatory requirements for labor certification have been satisfied before the Department will grant an application.  20 C.F.R. § 656.2(b) (citing 8 U.S.C. § 1361); *see Pesikoff v. Sec'y of Labor*, 501 F.2d 757, 762 (D.C. Cir. 1974) ("[Section 1182(a)] places the burden of proving no adverse effect on the applying alien.").

---

[1]    With the Department's certification, the employer may petition the United States Customs and Immigration Service ("USCIS") to approve a visa, which, if approved, enables the noncitizen worker to apply to USCIS for lawful permanent resident status.  *See* 8 U.S.C. §§ 1154(a)(1)(F), 1255(a).

The Department of Labor has imposed certain pre-filing regulatory requirements that the employer must demonstrate that it has satisfied in its ETA Form 9089. *See generally* 20 C.F.R. § 656.17. For example, the employer must first seek to recruit U.S. workers for the job opportunity for which certification is sought and report the results of its recruitment to the Department. 20 C.F.R. § 656.17(e)-(g). The purpose of the recruitment process is "to assure that there is an adequate test of the availability of U.S. workers to perform the work and to ensure that aliens are not employed under conditions that would adversely affect the wages and working conditions of similarly employed U.S. workers." Labor Certification for the Permanent Employment of Aliens in the United States; Implementation of New System, 67 Fed. Reg. 30,466, 30,468 (proposed May 6, 2002) ("2002 Notice of Proposed Rulemaking").

When recruiting, the employer's advertisements must "[n]ot contain any job requirements or duties which exceed the job requirements or duties listed on the ETA Form 9089." 20 C.F.R. § 656.17(f)(6). Similarly, the employer's ETA Form 9089 itself must state, among other things, the job duties and requirements. 20 C.F.R. § 656.17(h). With two narrow exceptions not applicable in this case, the requirements stated in the application "must represent the employer's actual minimum requirements for the job opportunity." 20 C.F.R. § 656.17(i)(1). Section 656.17(i) is designed to prevent an employer from providing the alien beneficiary with training opportunities not offered to U.S. workers. Labor Certification for the Permanent Employment of Aliens in the United States; Implementation of New System, 69 Fed. Reg. 77,326, 77,355 (Dec. 27, 2004).

In addition to the substantive criteria, the labor certification regulations set forth exacting procedural requirements. These strict requirements are "designed to streamline the process . . . [by eliminating] continual back and forth exchange between the employer and the Department." Labor Certification for the Permanent Employment of Aliens in the United States; Reducing the Incentives

for Opportunities for Fraud and Abuse and Enhancing Program Integrity, 72 Fed. Reg. 27,904, 27,915 (May 17, 2007) ("2007 Labor Certification Rule").  To that end, an employer may not modify an application after it has been submitted for approval.  20 C.F.R. § 656.11(b).  This prohibition "allow[s] the Department to process employer applications more quickly and support greater uniformity and consistency in their adjudication," and places "the fundamental responsibility to submit an application which does not contain typographical or similar errors . . . with program users."  2007 Labor Certification Rule, 72 Fed. Reg. at 27,916.

Consistent with the prohibition on modification, motions for reconsideration of certifying officer[2] denials may not be used to effectuate modification.  *See* 20 C.F.R. § 656.24(g)(2); *see also* 2007 Labor Certification Rule, 72 Fed. Reg. at 27,916 ("The new § 656.24(g) describes the evidence that can be submitted with a motion to reconsider and clarifies the interplay with the no-modification provision of § 656.11(b).").  Indeed, "the processing of requests for reconsideration of denials poses a significant, costly drain on the . . . case management system and staff," including "[t]he opportunity cost and inequity to other employers . . . as resources must be transferred from review of applications that do meet technical requirements to those that may not."  *Id.* at 27,918.

This prohibition against modifications embodied in the Department's regulations "furthers administrative efficiency."  *Id*. at 27,917.  In adopting this rule, the Department recognized that "applications should be decided based on their substantive merits instead of non-material technical errors"—but emphasized that "typographical or similar errors are not immaterial if they cause an application to be denied based on regulatory requirements."  *Id*.  "Attentive filers," the Department

---

[2]     A "certifying officer" is "a Department of Labor official who makes determinations about whether or not to grant applications for labor certifications."  20 C.F.R. § 656.3.

3

pointed out, "will accrue the benefits of the . . . streamlined system, as 'clean' applications are usually processed and adjudicated within 60 days of filing." *Id.*

The rule permitting a motion for reconsideration of a certifying officer's denial contains two narrow exceptions to the prohibition against modifying applications.  20 C.F.R. § 656.24(g)(2). First, such a motion may include documentation "that the Department actually received from the employer in response to a request from the Certifying Officer to the employer."  20 C.F.R. § 656.24(g)(2)(i).  Second, such a motion may include documentation that "the employer did not have an opportunity to present previously to the Certifying Officer, but that existed at the time the Application for Permanent Labor Certification was filed, and was maintained by the employer to support the application for permanent labor certification in compliance with the requirements" of § 656.10(f).[3]  20 C.F.R. § 656.24(g)(2)(ii).  Like the other procedural requirements of Part 656, these requirements were intended to make the application process more efficient by basing it on the employer's attestations on the application, without the need for submitting the supporting documentation.  *See* 2002 Notice of Proposed Rulemaking, 67 Fed. Reg. at 30,466 ("[t]he employer would not be required to provide any supporting documentation with its application but would be required to furnish supporting documentation to support the attestations and other information provided on the form if the application was selected for audit."); *see also* 2007 Labor Certification Rule, 72 Fed. Reg. at 27,916.

---

[3]      Section 656.10(f) requires employers to maintain copies of applications and supporting documentation for up to five years from the date of submission of the application.  20 C.F.R. § 656.10(f).

## FACTUAL BACKGROUND

### A.  Plaintiff See's Application

Plaintiff See filed an ETA Form 9089 on behalf of its proposed noncitizen employee, Plaintiff Nimitt Nishith Bhatt, on or about November 21, 2014.  Certified Administrative Record ("AR") 88.  Relevant to this instant case, Form ETA 9089 contains sections in which the employer must list information related to the job opportunity for which the employer seeks certification (Section H) and the alien's relevant work experience (Section K).  AR 81-83, 85-87.  In Section H.3 of its application, See listed the proposed position as "IT Systems Coordinator" (AR 81), and in Section H.14, identified the following "specific skills" requirements for the proposed position:

> Requires at least three years of experience within Optical Industry in the position offered, utilizing/managing AcuityLogic applications and databases, Telerik controls, nHibernate (ORM tool), Visual Studio 2008 or later, .net framework 3.5 or later, ASP.Net, C#, Ado.Net, Visual Basic, Classic ASP, XML, Crystal Reports and SQL Server 2008 or later, and design and development of web-based applications using Visual Studio, HTML Script, JavaScript, CSS, XML/XSLT.

AR 82.

Section K of the ETA Form 9089 requires the employer to list "all jobs the alien has held during the past 3 years" and "any other experience that qualifies the alien for the job opportunity for which the employer is seeking certification."  AR 85.  For each job so identified, the employer must list the "duties performed, use of tools, machines, equipment, skills, qualifications, certifications, licenses, etc."  *E.g.*, AR 85-86.  See's application listed eight previous jobs held by Bhatt dating back to 2000 and explained the job duties for each position in an addendum to the ETA Form 9089.  AR 85-101.

### B.  The Certifying Officer's Denial of the Application

On July 31, 2015, the Certifying Officer denied the Application.  AR 77-79.  The Certifying Officer determined that Bhatt "[did] not meet the requirements as described in Section H of the

application." AR 79.  The Certifying Officer found that Section K of the application did not show that Bhatt, during his previous employment, had acquired the required skills in Visual Studio, Ado.Net, XML, HTML, CSS, or XML/XSLT—all of which See had listed as position requirements in Section H of the application.  *Compare* AR 82 (Section H.14 (listing Visual Studio, Ado.Net, XML, HTML, CSS, and XML/XLST as required skills for the position) *with* AR 85-101 (Section K and addendum, lacking any reference to Bhatt possessing those required skills).  Because See was willing to hire Bhatt even though he lacked the required skills listed in Section H.14, the Certifying Officer concluded that those required skills were not, in fact, the "actual minimum requirements for the job opportunity" that must be shown to satisfy 20 C.F.R. § 656.17(i)(1).

See filed a timely Motion for Reconsideration with the Certifying Officer.  AR 67-69.  Citing 20 C.F.R. § 655.24(g)(2)(ii), See attached to its motion letters from two of Bhatt's former employers.  These two former employer letters stated Bhatt acquired the specific skills that See neglected to include in Section K of its application during Bhatt's employment with them.  AR 67-68, 73-75.  Notably, however, the two letters from former employers also listed skills that See *had* included in the job in Section K of its application for Bhatt.  *Compare* AR 73 (letter from Henisons Computer Private stating that Bhatt had experience with Visual Studio, .Net, ASP.net/C# with .NET frameworks, and SQL Server 2000/2005) *with* AR 98 (addendum to Application listing ASP.net, C#, asp.net, SQL Server 2000, crystal report, and Visual Basic as skills that Bhatt gained during employment with Henisons); *also compare* AR 74-75 (letter from Eyefinity/AcuityLogic stating that Bhatt had experience with Visual Studio 2008, C#, .Net Framework 3.5, Telerik controls, nHibernate, Asp, Crystal Reports, SQL Server, XML, Java, JSP, Struts, HTML Script, SML/XLST, Ado.net, ASP.Net, and Visual Basic, SaaS Model) *with* AR 95-97 (addendum to Application listing Telerik, nHibernate, C#, ASP.net Java Script, and SQL Server as skills that Bhatt gained during

employment with Eyefinity/AcuityLogic). These letters, therefore, contained information that could have been included in the ETA Form 9089 in Section K—along with the other skills that See identified in that section. *See* 20 C.F.R. § 655.24(g)(2)(ii).

The Certifying Officer denied See's motion. AR 65. The Certifying Officer explained that the Department's regulations in 20 C.F.R. Part 656 are "structured to allow labor certification to be granted solely on the basis of the information contained in the ETA Form 9089." AR 59. In support of this proposition, the Certifying Officer referenced a then-recently updated Frequently Asked Questions ("FAQ") on the Department's website that advised the public that, as of July 28, 2014, any application filed "must demonstrate, at the time of filing, that the foreign worker meets each and every requirement listed on the ETA Form 9089." AR 59. Because Section K of See's ETA Form 9089 did not show that Bhatt had the skills listed as required for the job in Section H.14 of application, the Certifying Officer concluded that denial of the application was valid, in accordance with 20 C.F.R. § 656.17(i)(1). AR 59.

### C. See's Appeal to the Department's Board of Alien Labor Certification Appeals

See timely requested review of the Certifying Officer's denial by the Department's Board of Alien Labor Certification Appeals (the "Board"). AR 49, 53-56. The Board docketed the appeal on April 22, 2016 as Case No. 2016PER00282 (AR 43-44), but on October 7, 2016, issued an Order of Dismissal. AR 37-38. On October 25, 2016, however, See filed an "Emergency Motion" to vacate the Order of Dismissal and reinstate the request for review, explaining that it had not, in fact, informed the Board that it no longer wished to proceed with its appeal.[4] AR 24-25, 29. The Board granted that motion on November 20, 2020. AR 8-9.

---

[4]    The Board had received a letter from separate counsel that stated that "Petitioner and Beneficiary" wished to withdraw the appeal "in connection with the above matter." AR 34. This withdrawal letter included the same Board case number as See's appeal (2016PER00282) in the

On January 28, 2021, the Board issued a decision affirming the Certifying Officer's denial. AR 1. Initially, the Board noted that it had previously ruled the 2014 FAQ cited in the Certifying Officer's decision was merely "precatory rather than directive," and therefore "will not be considered here." AR 2 n.3. The Board identified the "controlling question" in the case as "whether the skills and experience missing from Section K [of the ETA Form 9089] could have been included there or whether they were secured by [Bhatt] in a matter unrelated to prior employment, which would necessitate an opportunity for the Employer to supplement the record to provide that missing information." AR 5. Because the two letters attached to See's motion for reconsideration showed that Bhatt had gained the required skills during his employment with those two employers, the Board concluded that See was "obligated to list experience with those technologies in Section K upon filing its application, but did not do so." *Id*. In this respect, the Board distinguished See's application from two prior Board decisions where the applicant successfully argued that "there was no logical place in Section K" of ETA Form 9089 to list skills gained by the beneficiary outside the scope of employment, such as with coursework or a CPA license." AR 3-4. Thus, the Board held that "[w]hile section 656.24(g)(2)(ii) allows an employer to submit letters of experience on reconsideration," section 656.11(b) "prevents the Employer from using those letters to functionally modify the Form 9089." *Id*.

While See's appeal was pending before the Board, See filed the instant lawsuit seeking to compel the Board to act on its emergency motion reinstate the request for review. ECF No. 1. On March 21, 2021, See filed an amended complaint that added Bhatt as a new party and sought review of the Board's decision affirming the Certifying Officer's denial. ECF No. 6. Pursuant to the

---

subject line and did not otherwise mention the employer or beneficiary by name in the letter. AR 34-35.

schedule set by the Court's May 11, 2021 Minute Order, Plaintiffs filed their Cross-Motion for Summary Judgment on May 19, 2021 (ECF No. 12), along with a Memorandum of Points and Authorities in support of their motion.  ECF No. 12-1 ("P. Mem.").

## LEGAL STANDARD

"Summary judgment is an appropriate procedure for resolving a challenge to a federal agency's administrative decision when review is based upon the administrative record." *Bloch v. Powell*, 227 F. Supp. 2d 25, 31 (D.D.C. 2002) (quoting *Richards v. INS*, 554 F.2d 1173, 1177 & n.28 (D.C. Cir. 1977)).  In cases involving review of an agency action under the APA, the standard in Rule 56 does not apply due to the courts' limited role in reviewing administrative records.  *See Havens v. Mabus*, 146 F. Supp. 3d 202, 214 (D.D.C. 2015).  Under the APA, the agency's role is to resolve factual issues and arrive at a decision that is supported by the administrative record, and the court is responsible for determining "whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Id.* (quoting *Occidental Eng'g Co. v. INS*, 753 F. 2d 766, 769-70 (9th Cir. 1985) (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971)).

The APA "sets forth the full extent of judicial authority to review executive agency action for procedural correctness." *FCC v. Fox Television Studios, Inc.*, 556 U.S. 502, 513 (2009).  It requires a court to uphold an agency's decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A).  "Under the arbitrary and capricious standard, an agency action 'may be invalidated . . . if [it is] not rational and based on consideration of the relevant factors.'" *Borgess Med. Ctr. v. Sebelius*, 966 F. Supp. 2d 1, 5 (D.D.C. 2013) (citing *FCC v. Nat'l Citizens Comm. for Broad.*, 436 U.S. 775, 803 (1978)).  This is a "narrow" standard of review as courts defer to the agency's expertise. *Motor Vehicle*

*Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). The Court will defer to the agency's interpretation of the statutory requirements so long as it is "rational and supported by the record." *Cooper Hosp./Univ. Med. Ctr. v. Burwell*, 179 F. Supp. 3d 31, 39-40 (D.D.C. 2016) (quoting *Oceana, Inc. v. Locke*, 670 F.3d 1238, 1240 (D.C. Cir. 2011)). To qualify as arbitrary and capricious, an agency typically must have "relied on factors which Congress has not intended it to consider," "entirely failed to consider an important aspect of the problem," "offered an explanation for its decision that runs counter to the evidence before the agency," or be "so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Virginia v. Johnson*, 609 F. Supp. 2d 1, 6-7 (D.D.C. 2009) (quoting *State Farm*, 463 U.S. at 43 (internal quotation marks omitted)).

Factual conclusions are reviewed under the substantial evidence standard and may be overturned where they are "unsupported by substantial evidence in a case." 5 U.S.C. § 706(2)(E); *Borgess Med. Ctr.*, 966 F. Supp. 2d at 5. The Supreme Court has "defined 'substantial evidence' as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 619-20 (1966)). Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Id.* Courts reviewing for substantial evidence "do not ask whether record evidence could support the petitioner's view of the issue, but whether it supports the [agency's] ultimate decision." *Fla. Gas Transmission Co. v. FERC*, 604 F.3d 636, 645 (D.C. Cir. 2010). The agency's decision is presumed to be valid, and a court must not substitute its judgment for that of the agency. *Havens*, 146 F. Supp. 3d at 214 (citing *Citizens to Preserve Overton Park*, 401 U.S. at 415; *State Farm*, 463 U.S. at 43).

## ARGUMENT

### I.     The Certifying Officer and the Board Reasonably Applied Department Regulations To Deny See's Attempt To Modify Its Application Through A Motion For Reconsideration

Both the Certifying Officer and the Board correctly applied the law when they declined to accept the two letters from former employers of Bhatt submitted by See as part of its Motion for Reconsideration.   Department regulations prohibit employers like See from modifying an application after it has been submitted.  Similarly, the regulations limit the types of evidence that employers can submit in support of motions for reconsideration to prevent employers from end-running around the modification ban with evidence that the employer could have included in the application initially.  Taken together, these two straightforward regulations support the decision of the Certifying Officer and the Board not to consider the letters that See submitted with its Motion for Reconsideration—the only evidence that Bhatt had gained experience in certain job requirements that See had indicated were required for the IT Systems Coordinator position—because See could have included the information from the two letters in Section K at the time that it submitted the ETA Form 9089.

Defendants' actions in this case are supported by the straightforward application of two Department regulations that were amended by the Department's 2007 Labor Certification Rule. Following enactment of the rule, section 656.11(b) explicitly bars applicants from submitting modifications to ETA Form 9089 once the application has been submitted: "Requests for modifications to an application will not be accepted for applications submitted after July 16, 2007." 20 C.F.R. § 656.11(b).  Likewise, section 646.24(g)(2) limits evidence submitted in support of a request for reconsideration to documentation either that (i) "the Department actually received from the employer in response to a request from the Certifying Officer to the employer"; or (ii) "the employer did not have an opportunity to present previously to the Certifying Officer, but that existed

at the time the Application for Permanent Labor Certification was filed, and was maintained by the employer to support the application for permanent labor certification in compliance with the requirements" of the regulations governing the labor certification process. 20 C.F.R. § 656.24(g)(2); *see also* 2007 Labor Certification Rule, 72 Fed. Reg. at 27,916 (describing the new standard for motions for reconsideration under § 656.24(g)(2) in light of "the no-modification provision of § 656.11(b)").

These "strict procedural rules" are part of the Department's policy of furthering administrative efficiency in the labor certification process. *Id*. at 27,917. There can be no question that the Department has "the authority, and sometimes the necessity, to write strict procedural rules in order to manage [the Department's] responsibilities." *Id*. Courts have routinely endorsed agency practice of enforcing "strict procedural rules" to effectively manage a high volume of applications provided that the agency provides sufficient notice of the rule. *E.g., Glaser v. FCC*, 20 F.3d 1184, 1186 (D.C. Cir. 1994); *Salzer v. FCC*, 778 F.2d 869, 873 (D.C. Cir. 1985). Indeed, the Department explicitly noted back in 2007 that the "'letter-perfect' requirement [reflected in § 656.11(b) and § 656.24(g)] did not exist under the PERM regulations as initially issued" and that the rulemaking that led to the 2007 Labor Certification Rule "satisfies public notice and comment objectives." 2007 Labor Certification Rule, 72 Fed. Reg. at 27,916.

Moreover, if a labor certification is denied on the grounds that information was not included in the ETA Form 9089 that could have been, then the applicant is free to file a new application at any time in lieu of requesting a review of a denial. *See* 20 C.F.R. § 656.24(e)(5); *Ya-Wen Hsiao v. Pizzella*, 18-502, 2019 WL 4620362, at *6 (D. Haw. Sept. 23, 2019), *vacated & remanded on other grounds*, 821 F. App'x 680 (9th Cir. 2020). Collectively, these regulations further administrative efficiency by presenting a complete labor certification to the Department for review and reducing a

backlog created by requests for amendment.  2007 Labor Certification Rule, 72 Fed. Reg. at 27,915 (noting that the "no modifications" approach is consistent with "the streamlined labor certification procedures" of the Department).

In this case, the denial of See's application for labor certification was in accordance with both sections 656.11(b) and 656.24(g)(2).  The regulatory command of § 656.11 is clear: employers may not modify their applications after the application has been accepted.  20 C.F.R. § 656.11(b).  As mentioned above, the Department is well within its authority to enforce a strict bar on modification because it provided applicants with notice of the rule as far back as 2007.  *Cf. Glaser*, 20 F.3d at 1186; *Salzer*, 778 F.2d at 873.  See was thus prohibited from requesting modification to the ETA Form 9089 that it submitted on behalf of Bhatt.  Likewise, neither limited type of acceptable evidence for motions for reconsideration under § 656.24(g)(2) permitted See to rely on the two former employer letters that it submitted.  As See acknowledged in its opening briefing, the letters were not documents that "the Department actually received from the employer in response to a request from the Certifying Officer" under § 656.24(g)(2)(i) because no audit was issued on the application.  P. Mem. at 6; AR 65-66.  The letters were also not documents that "the employer did not have an opportunity to present previously to the Certifying Officer" under § 656.24(g)(2)(ii) because See had the opportunity to include all the information from the two letters in Section K of the ETA Form 9089 at the time of the application.  Indeed, as mentioned above, See included many of the skills identified in the two letters in the addendum it included with the application.  *See* AR 73, 98 (job skills that Bhatt gained at Henisons Computer Private) & AR 74-75, 95-97 (job skills that Bhatt gained at Eyefinity/AcuityLogic).

See could have included the entire contents of the two former employer letters at the time that it submitted the ETA Form 9089 for certification so that Section K reflected every single job

skill identified in those letters.  For whatever reason, however, See neglected to do so—even though it bore the burden of proving that Bhatt met the actual minimum requirements for the job.  20 C.F.R. § 656.17(i).  Because See neglected to do so, it could not seek to modify the application after the fact, *see* 20 C.F.R. § 656.11(b), nor could it rely on information from the letters in a motion for reconsideration that it could have included in its application previously, *see id.* § 656.24(g)(2)(ii).  Accordingly, the Certifying Officer properly denied certification in this matter, and the Board properly affirmed that denial.

II.       **The Denial of Certification Was Supported By Substantial Evidence**

With these two letters properly excluded from consideration, the decision to deny certification was supported by substantial evidence in the record.  It is beyond dispute that the ETA Form 9089 submitted on behalf of Bhatt showed that Bhatt lacked all the skills that See had identified as the actual minimum requirements for the IT Systems Coordinator job opportunity.  And, because See was willing to hire an employee that lacked the actual minimum requirements for the IT Systems Coordinator position in violation of 20 C.F.R. § 656.17(i)(1), substantial evidence supported Defendants' decision to deny certification.

Under 20 C.F.R. § 656.17(i)(1), "[t]he job requirements, as described, must represent the employer's actual minimum requirements for the job opportunity."  20 C.F.R. § 656.17(i)(1).  The regulations require that the Department and courts to evaluate the actual minimum requirements as described in the ETA Form 9089.  *Madany v. Smith*, 696 F.2d 1008, 1015 (D.C. Cir. 1983) ("[I]t is the language of the labor certification job requirements that will set the bounds of the alien's burden of proof."); *Rosedale & Linden Park Co. v. Smith*, 595 F. Supp. 829, 833 (D.D.C. 1984) (explaining that the Court and immigration authorities must "examine the certified job offer exactly as it is completed by the prospective employer").

In this case, it is undisputed that See listed Visual Studio, Ado.Net, XML, HTML, CSS, and XML/XSLT as "specific skills" that the employee needed to have experience in to perform the work of an IT Systems Coordinator.  AR 82.  This set the standard for the "actual minimum requirements" for the position for which See sought to hire Bhatt.  *See Madany*, 696 F.2d at 1015.  It is also not in dispute that Section K of the ETA Form 9089 prompted See to "[l]ist all jobs the alien had during the past 3 years," "any other experience that qualifies the alien for the job opportunity for which the employer is seeking certification," and all "skills" and "qualifications" for each job identified in the application.  AR 85-86.  Finally, it is beyond dispute that neither Section K nor the addendum to Section K of the ETA Form 9089 revealed that Bhatt had any experience with Visual Studio, Ado.Net, XML, HTML, CSS, or XML/XSLT from any of Bhatt's previous work experience. AR 85-101.

The Certifying Officer, therefore, had substantial evidence to conclude that See was willing to hire an employee who did not meet the job requirements listed in Section H of the ETA Form 9089 because the employee did not have all the listed required skills for the position.  AR 79.  *Cf. Regal Int'l, Inc. v. Napolitano*, 10-5347, 2011 WL 4538690, at *5 (N.D. Ill. Sept. 29, 2011) (holding that the USCIS administrative appeals office did not act arbitrarily and capriciously in concluding that the employer failed to meet the "actual minimum requirements" for a position that required a Bachelor's degree in Commerce when the evidence showed only that the prospective employee's field of study was Economics).  And, because See was willing to do so, the Certifying Officer reasonably concluded that See had failed to disclose the "actual minimum job requirements for the job opportunity" in the application as required by 20 C.F.R. § 656.17(i)(1), and properly denied certification on that basis.

Likewise, substantial evidence supports the Certifying Officer's denial of the Motion for Reconsideration and the Board's affirmance of the labor certification denial on identical grounds. As mentioned above, the Certifying Officer denied the motion for reconsideration in accordance with 20 C.F.R. § 656.17(i)(1): "Since Section K of the ETA Form 9089 did not demonstrate the foreign worker meet all requirements listed in Section H.14 of the ETA Form 9089, when the [application] was filed, . . . denial is valid in accordance with the Department's regulations at 20 C.F.R. § 656.17(i)(1)."  AR 59.  The Board reached the same conclusion in considering See's appeal: "[T]he Employer was obligated to list experience with those technologies in Section K upon filing its Application, but did not do so."  AR 5.  The Certifying Officer and the Board, therefore, did not act arbitrarily and capriciously in finding that See had failed to demonstrate that all the "actual minimum requirements" of the position had been met.  *Madany*, 696 F.2d at 1015; *Regal Int'l*, 2011 WL 4538690, at *5.

Substantial evidence supported the denial of See's labor certification.  See's ETA Form 9089 defined the actual minimum requirements for the IT Systems Coordinator position.  *Madany*, 696 F.2d at 1015.  The problem, however, was that See was willing to hire an employee who lacked all the skills identified as necessary for that position.  *See* 20 C.F.R. § 656.17(i)(1).  As such, both the Certifying Officer and the Board correctly concluded that See's application did not reflect the actual minimum requirements for the IT Systems Coordinator position, as required by Department regulations.  Accordingly, denial was supported by substantial evidence in the record before both the Certifying Officer and the Board.

### III.     Plaintiffs' Arguments Fail To Address The Application of Department Regulations Prohibiting Modification of ETA Form 9089 Through Motions For Reconsideration

In their Cross-Motion for Summary Judgment, Plaintiffs advance several arguments that obscure the fundamental fact that See submitted an application that did not satisfy all the regulatory

requirements for obtaining a labor certification.  Although Plaintiffs claim that their satisfaction of

the substantive criteria for permanent labor certification under 8 U.S.C. § 1182(a)(5)(A) addresses

the only "simple and seeming self-answering question" at issue in this case, *see* P. Mem. at 1, their

brief completely ignores the fact that they failed to comply with the exacting procedural

requirements for obtaining such certification.

Plaintiff argues that "[n]either the Certifying Officer nor [the Board] disputed that See met

all the requirements for labor certification."  P. Mem. at 13.  Similarly, Plaintiff argues that

> neither the [Certifying Officer] nor [the Board] offered any other reason to conclude
> that there are sufficient workers who are able, willing, qualified and available at the
> time of Mr. Bhatt's application for a visa and admission to the United States and at
> the place where Mr. Bhatt is to perform the skilled labor offered to him, or that the
> employment of Mr. Bhatt will adversely affect the wages and working conditions of
> workers in the United States similarly employed.

*Id.* at 14.  These arguments, however, miss the mark because they ignore the basis for the Certifying

Officer and the Board's denying See's labor certification application.

As mentioned above, the stated reason for denying the application was not, for example,

that See had failed to prove that that the employment of Mr. Bhatt will adversely affect the wages

and working conditions of workers in the United States similarly employed.  Rather, the Certifying

Officer denied the application because Bhatt "[did] not meet the requirements as described in

Section H of the application," and that See had failed to include the "actual minimum requirements

for the job opportunity" that must be shown to satisfy 20 C.F.R. § 656.17(i)(1) in the Form ETA

9089 because See was willing to hire a worker without those requirements listed in Section H.  AR

79.  Then, the Certifying Officer affirmed this decision by refusing to reconsider the application

based on the two former employer letters because the letters included information that could have

been included in the ETA Form 9089 at the time that See had submitted it, in accordance with

section 656.11(b)'s prohibition on modifying applications and section 656.24(g)(2)'s limits on the

types of evidence permitted to support a motion for reconsideration. AR 59. The Board affirmed the denial on the same basis. AR 1-6.

Plaintiffs' opening brief does not argue that any of these decisions were "not in accordance with the law." 5 U.S.C. § 706(2)(A). Nor could they. An agency may require "letter-perfect" applications when the requirements are promulgated in notice-and-comment regulations. *E.g., Salzer*, 778 F.2d at 873 (applying rule to applications for licenses to operate certain broadcasting stations). These strict requirements are "designed to streamline the process . . . [by eliminating] continual back and forth exchange between the employer and the Department." 2007 Labor Certification Rule, 72 Fed. Reg. at 27,915. As explained above, See did not comply with the Department's regulations for obtaining a labor certification, and the decisions of both the Certifying Officer and the Board were in accordance with the law. As such, Plaintiffs' arguments do not address, much less overcome, the reasons for denial.

Plaintiffs' argument that "neither the [Certifying Officer] nor [the Board] dispute that these letters were lawfully submitted in accordance with applicable Department of Labor regulations in support of the motion to reconsider" (Mem. at 14) is also misplaced. Contrary to Plaintiffs' assertions, both the Certifying Officer and the Board considered but rejected the idea that the information within the letters could lawfully be considered on a motion for reconsideration. The Certifying Officer expressly noted that the application process "represented in the Department's regulations at 20 CFR § 656 is structured to allow labor certification to be granted solely on the basis of the information contained in the ETA Form 9089." AR 59. The Certifying Officer went on the conclude that "[s]ince Section K of the ETA Form 9089 did not demonstrate the foreign worker met all requirements listed in Section H.4 of the ETA Form 9089" when the application was filed, the reason for denial was valid in accordance with 20 C.F.R. § 656.17(i)(1). AR 59. The

Board also expressly addressed why the two letters could not be used to amend See's application. Although the Board acknowledged that "20 C.F.R. § 656.24(g)(2)(ii) allows the Employer to submit the experience letters on reconsideration, 20 C.F.R. § 656.11(b) prevents the Employer from using those letters to functionally modify the Form 9089."  AR 5.

As explained above, courts have endorsed agency reliance on strict procedural rules like those invoked by the Department here when the agency provides sufficient notice of the rule that it seeks to enforce.  *Glaser*, 20 F.3d at 1186; *Salzer*, 778 F.2d at 873.  The Department promulgated these rules in 2007 following a period of notice and comment.  2007 Labor Certification Rule, 72 Fed. Reg. at 27,906.  It was thus reasonable for both the Certifying Officer and the Board to base their respective decisions on the exacting procedural requirements found in 20 C.F.R. Part 656. And, in so doing, both made decisions that were "rational and supported by the record."  *Burwell*, 179 F. Supp. 3d at 39-40.  As such, Plaintiffs' argument that Defendants failed to consider that the letters were lawfully submitted is incorrect.

<p style="text-align:center">*   *   *</p>

## CONCLUSION

At bottom, Department regulations prohibited either the Certifying Officer or the Board from considering the evidence that See submitted with its Motion for Reconsideration because it contained information that could have been included in the ETA Form 9089.  See, however, neglected to include that information.  In accordance with those regulations, the Certifying Officer and the Board "consider[ed] … the relevant factors," *Overton Park*, 401 U.S. at 416, and rendered a decision that was "support[ed]" by the "record evidence," *Fla. Gas*, 604 F.3d at 645.  Thus, the Secretary acted rationally and in accordance with the law in holding that See's failure to comply with those procedural requirements justified denial of its application for permanent labor certification.  Accordingly, the Court should grant Defendants' Cross-Motion, deny Plaintiffs' Motion for Summary Judgment, and enter summary judgment in favor of Defendants.

Dated: June 21, 2021

<div style="margin-left:40%">

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division


By: _____*/s/ Stephen DeGenaro*_____
STEPHEN DEGENARO
D.C. Bar #1047116
Assistant United States Attorney
555 Fourth Street, NW
Washington, D.C. 20530
Telephone: (202) 252-7229
Facsimile: (202) 252-2599
stephen.degenaro@usdoj.gov

*Attorneys for the United States of America*

</div>

20